ELIZABETH SHAUGHNESSY, Respondent, v. CITY OF WATERVLIET, Appellant. — Plaintiff was sixty-five years of age. On the evening of October 26, 1943, she sustained serious injuries, including a broken hip. Her injuries are permanent. She is and will be unable to walk as a result. Defendant's negligence in the maintenance of a sidewalk was the principal issue contested. The defect was a triangular piece of cement eight inches by seven and one-half inches by five and one-quarter inches, which was broken from the walk and had dropped down. Witnesses varied as to the depth of the hole or depression. Some of the witnesses stated it to be six or seven inches deep. Others stated that later it was only one inch below the surface of the adjoining sidewalk. There was some testimony that the hole, or depression, had existed for a year before the accident. Plaintiff says that her right foot was caught in the hole and that she fell. Defendant's negligence was a question for the jury. There were no substantial errors at the trial. The record justifies the verdict. Judgment affirmed, with costs. All concur. [See 271 App. Div. 759.]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH LESSER, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Relator has appealed from an order of the County Court of Clinton County dismissing a writ of habeas corpus. In 1944 all the contentions which the relator now makes were presented to the Special Term of the Supreme Court in Clinton County in a habeas corpus proceeding. The writ was dismissed and we affirmed that order on appeal (268 App. Div. 948). Thereafter relator's motion for leave to appeal to the Court of Appeals was denied (294 N. Y. 644). Relator was convicted of the crime of forgery, first degree, on February 1, 1929, in the Court of General Sessions, New York, and sentenced to imprisonment for seven years, six months, minimum and fifteen years maximum. In June, 1934, he was released on parole. On December 19, 1935, he was again convicted of the crime of forgery, second degree, in the Court of General Sessions and he was sentenced as a second offender for a term of ten years to begin at the expiration of his first sentence. His maximum term will not expire until 1954. There is no merit in relator's contentions. Order affirmed, without costs. All concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID G. WILKINS, Appellant, against V. C. BRANHAM, as Superintendent of Woodbourne Institution for Defective Delinquents, Respondent.— Motion to amend decision denied, without costs. All concur. [See *ante*, p. 782.]